IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH E. OSBORN, DONALD P. OSBORN and OSBORN HOMES, INC, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>CITY OF COLLINSVILLE, a municipal corporation, and PAUL W. MANN, )<br>)<br>Defendants. ) | Case No. 3:06-CV-00647-MJR |

## ORDER

**REAGAN, District Judge:**

### I.  Introduction and Procedural Overview

In July, 2006, Plaintiffs Joseph E. Osborn, Donald P. Osborn and Osborn Homes, Inc., (collectively, "the Osborns") filed a complaint for damages against City of Collinsville ("the City") and Paul W. Mann ("Mann"), the Community Development Director of the City of Collinsville.  The Osborns seek monetary damages for alleged violations of their constitutional rights, pursuant to 42 U.S.C. § 1983.  The Osborns allege that the City wrongfully failed or refused to act upon or approve the Osborns' proposed subdivision plat for Phase I of Parkside Commons.  The Osborns also allege that Mann approved and actively participated in the violations of the Osborns' rights.

On August 22, 2006, before the City was served with process, Mann removed this action from the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, to the United

States District Court for the Southern District of Illinois.  Before the Court are Mann's Motion to Dismiss (Doc. 4) and the City's Motion to Dismiss (Doc. 12).[1]

According to the Osborns' complaint, in October, 2002, the City adopted Resolution No. 4475, giving preliminary plat approval for the portion of the Osborns' proposed subdivision known as Phase I of Parkside Commons.  Plaintiff's Complaint, Exhibit A.  The Osborns allege that they submitted a proposed subdivision plat of Phase I for final approval in January, 2003. They further allege that, on or about May 7, 2004, the City filed suit against them in state court, seeking, among other things, removal of improvements made by the Osborns on Parkside Commons under the improvement plans previously approved by the City.  The Osborns state that, on July 14, 2004, they filed suit against the City seeking approval of the proposed subdivision plat of Phase I.  According to the Osborns, the state court entered an order in their suit against the City requiring the Madison County Recorder to record the proposed subdivision plat of Phase I without the City's approval and declared the plat, as so recorded, to have the same force and effect is if it had been approved by the City.  The Osborns assert that the plat of Phase I was recorded on March 16, 2005.  They state that certain lots of Phase I are situated within the R-1 zoning district of the City (single-family dwellings), and certain lots are situated within the R-3 zoning district (multi-family dwellings).  The Osborns allege that the City denied all of their applications to construct dwelling units.  The Osborns state that they appealed the City's denial to the City's Board of Zoning Appeals, which dismissed the appeal.  The Osborns assert that they then appealed the dismissal of the zoning appeal to the City Council.  They state

---

[1]The City adopted verbatim Mann's Memorandum of law, and the Osborns incorporated by reference their brief in opposition to Mann's motion to dismiss as their response to the City.  The Court will, therefore, refer only to Mann's motion to dismiss but its findings will be equally applicable to the City.

that the City did not act on the appeal and that they filed a mandamus action in state court for approval of the building permits. Ultimately, the permits were issued.

The Osborns allege that these actions by Mann and the City violated their due process and equal protection rights under the Fifth and Fourteen Amendments of the United States Constitution.

## II.  Applicable Legal Standards

Federal notice pleading requires a plaintiff to set forth in his complaint "a short and plain statement . . . that will provide the defendant fair notice of the claim." **Scott v. City of Chicago, 195 F.3d 950, 951 (7th Cir. 1999) (citing *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168 (1993))**. In deciding whether to grant a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court accepts as true all well-pled allegations and resolves in favor of the plaintiff all reasonable inferences. ***Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000).**

Dismissal under Rule 12(b)(6) is proper only if the plaintiff can prove no set of facts that would entitle him to relief. *Id.* **(citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Accord *Gould v. Artisoft, Inc.*, 1 F.3d 544, 548 (7th Cir. 1993).** As the Seventh Circuit has remarked, motions to dismiss for failure to state a claim "must receive careful scrutiny." ***Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund*, 25 F.3d 417, 420 (7th Cir. 1994).**

## III.  Analysis

In the case at bar, Mann moves to dismiss the Osborns' complaint on the grounds that the Osborns have failed to show a constitutional deprivation by Mann, have no protectable property right to the issuance of building permits or plat approval, have adequate state law remedies and received due process in spite of the delay in development.

Section 1983 creates a federal cause of action for the deprivation, under color of state law, of a citizen's rights, privileges, or immunities secured by the United States Constitution or federal laws. **42 U.S.C. § 1983**. Section 1983 is not, in itself, a source of substantive rights, but merely provides "a method for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan*, **105 F.3d 354, 356 (7th Cir. 1997)**; *Albright v. Oliver*, **510 U.S. 266, 271 (1994) (quoting** *Baker v. McCollan*, **443 U.S. 137, 144 n.3 (1979))**.

A.      Whether the Osborns properly allege a § 1983 violation

A substantive due process claim does not require proof that all use of the property has been denied, *see, e. g., City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* **526 U.S. 687, 701, 119 S.Ct. 1624, 1634 (1999)**, but rather that the interference with property rights was irrational or arbitrary. *Usery v. Turner Elkhorn Mining Co.*, **428 U.S. 1, 15, 96 S.Ct. 2882, 2892 (1976)**. "[A] substantive due process claim based on a state-created property interest is cognizable where a plaintiff claims either a violation of some other substantive constitutional right or that the state law remedies are inadequate." *Polenz v. Parrott*, **883 F.2d 551, 558 (7th Cir. 1989)**.

Mann cites the Court in *Polenz* for its finding that a plaintiff must first show a "constitutionally protected property or liberty interest." *Polenz*, **883 F.2d at 555 (citations omitted)**. Mann asserts that the Osborns have not alleged how they have a property interest. Mann states that the issuance of building permits and plat approval is a privilege not a right.

However, more relevant to the Court's consideration of the instant matter is the Seventh Circuit's statement, in *Polenz*, that it has "repeatedly recognized" that property interests, such as zoning decisions, rejection of a developer's site-plans and housing proposals, and denial of a building permit, may invoke the protection of substantive due process. **883 F.2d at 558**

4

**(citing Burrell v. City of Kankakee, 815 F.2d 1127, 1129 (7th Cir. 1987) (plaintiff developers complained of the city's rejection of their site-plans and housing proposals; "in order to prevail on a substantive due process claim, plaintiffs must allege and prove that the denial of their proposal is arbitrary and unreasonable bearing no substantial relationship to the public health, safety or welfare"; held, the denial was not unreasonable) (other citations omitted)**. The Court stated that plaintiff bears a heavy burden in such an action and ". . . must overcome a presumption that the decision was reasonable and prove that the decision was irrational." *Id.* However, having to bear a heavy burden does not mean that the right is not cognizable. *See id.*

Accepting as true all well-pled allegations and resolving in favor of the Osborns all reasonable inferences, the Court cannot conclude that Mann did not act in an arbitrary and irrational manner in refusing to issue building permits or plat approval after, allegedly, the Osborns had satisfied all the requirements made on the permit. The Osborns have sufficiently stated a deprivation of substantive due process rights to withstand Mann's motion as to this issue.

**B. Whether the Osborns properly allege a claim against Mann**

Mann maintains that he is shielded from liability for any discretionary decisions that he made and that he, in fact, "did nothing." The Osborns assert that Mann deprived them of the lawful use and development of their property. They allege that the City improperly diverted their applications for building permits from the City's Building Official, who had the authority to act on the applications, so that Mann, his boss, could deny the permits. They also allege that Mann denied the applications on an improper basis, *i. e.,* ongoing litigation between the parties.

5

The Court cannot, on the motion and record before it, resolve the issue of whether Mann enjoys qualified immunity. The doctrine of qualified immunity shields public officials from liability for civil damages if their conduct does not violate clearly established constitutional rights of which a reasonable person would have known. *See, e.g., Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603 (7th Cir. 2002); *Sonnleitner v. York*, 304 F.3d 704, 716 (7th Cir. 2002). The law is "clearly established" if "various courts have agreed that certain conduct is a constitutional violation under facts not distinguishable in a fair way from the facts presented in the case at hand." *Driebel v. City of Milwaukee*, 298 F.3d 622, 651 (7th Cir. 2002) (*quoting Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001), *cert. denied,* 122 S. Ct. 1363 (2002)).

In similar contexts, various courts have agreed that where a city's ordinances provide ". . . substantive criteria, which, if met, dictate the issuance of a permit, an applicant who has met those criteria might assert a legitimate claim of entitlement to the permit." *Polenz*, 883 F.2d at 556 (citing *Sullivan v. Town of Salem*, 805 F.2d 81 (2d Cir. 1986) (under applicable statute, occupancy permit must issue where applicant has satisfied all requirements); *Scott v. Greenville County*, 716 F.2d 1409, 1418 (4th Cir. 1983) (plaintiff "enjoyed an entitlement to the issuance of a [building] permit upon presentation of an application and plans showing a use expressly permitted under the then-current zoning ordinance")).

Furthermore, where a building official unlawfully imposes false requirements or otherwise unconstitutionally deprives a developer of permits to which the developer is entitled, he might be held liable, individually, for a constitutional violation. *See Sullivan*, 805 F.2d at 86-87 (*citing Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473 (1961)). Mann, individually, may have acted in a manner that wrongfully deprived the Osborns of the right to use and develop

their property.  Accordingly, as to this issue, the Osborns' claim withstands Mann's motion to dismiss.

        **C.**        **Whether the Osborns have adequate state law remedies available**

Mann contends that, in order to state a claim under § 1983, the Osborns must allege that state law remedies are inadequate.  He states that the Osborns have filed actions for relief relating to this matter in state court and that the damages aspect of one of these cases remains pending.  The Osborns respond that Illinois law offers no recourse for the pecuniary loss that they have suffered.  They also assert that they have found no reported Illinois decision recognizing a cause of action, other than a claim under § 1983, arising out of denial of building permits.

The Court finds Mann's contentions to be specious, given that Mann removed this action to federal court.  The Osborns would scarcely have claimed, in their complaint filed in state court, that state law remedies were inadequate.  Moreover, Mann's arguments are conclusory, as he points to nothing in Illinois statutes or case law that provides monetary relief under the facts herein alleged.

The Court must adhere to the guidance of the Seventh Circuit in regards to dismissal motions: "[s]ilence is just silence and does not justify dismissal . . . . When dealing with complaints . . . judges must assume in the plaintiff's favor everything that could be shown consistent with the allegations. . . ."  **Kolupa v. Roselle Park District, 438 F.3d 713, 715 (7th Cir. 2006)**.  "A full narrative is unnecessary."  **Id. at 714;** *see also, e.g.,* **Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002); McDonald v. Household International, Inc., 425 F.3d 424, 427-28 (7th Cir. 2005); Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1077-78 (7th Cir. 1992).**  Thus, Rule 12(b)(6) dismissal should be denied "if any facts that might be established

7

within [a plaintiff's] allegations would permit a judgment for the plaintiff." *Duda v. Board of Education of Franklin Park Public School District No. 84,* **133 F.3d 1054, 1057 (7th Cir. 1998)**. Assuming in the Osborns' favor, everything that could be shown consistent with the allegations, the Court finds that the Osborns' complaint is not deficient and that, as to this issue, Mann's Rule 12(b)(6) motion to dismiss fails. *See Kolupa,* **438 F.3d at 715**.

> D.  **Whether the Osborns' constitutional rights were violated by the delay in development**

Mann cites the Seventh Circuit's decision in *River Park, Inc. v. City of Highland Park*, **23 F.3d 164 (7th Cir. 1994)**, as support for his assertion that a delay in development does not mean that the Osborns did not receive due process. The Osborns respond that *River Park* is distinguishable from the instant matter because it is a zoning case wherein the landowners invoked § 1983 to obtain judicial review of a legislative act - the municipal legislative body's decision to deny an amendment to its zoning ordinance. The Osborns state that, unlike the plaintiff in *River Park*, they have a legitimate claim of entitlement to building permits and plat approval under the local ordinance.

The Court agrees that the Seventh Circuit's decision in *River Park* is distinguishable. Plaintiffs' cause of action in *River Park* was premised on denial of their request for rezoning. *River Park*, **23 F.3d at 165**. Plaintiffs wanted to change the properties' R1 zoning to R4 so that they could build one house per half acre rather than one house per three acres. ***Id.*** **at 165**. In contrast to *River Park*, the Osborns allege that they were wrongfully deprived of the right to use and develop property already properly zoned. The instant action is more closely analogous to *Polenz*, where the Seventh Circuit found that plaintiffs had a "legitimate claim of entitlement" to building permits and plat approval because the local ordinance "provides

substantive criteria which, if met, dictate the issuance of a permit. . . ." *Polenz*, **883 F.2d 556.**

Furthermore, the decision in *River Park* does not turn on the question of whether a delay in development could be violative of plaintiffs' rights.  There was a greater than one-year delay in the rezoning decision, and the Court stated that plaintiff got "the runaround." *Id*. **at 165, 167**.  However, the question of what constitutes a reasonable delay or what effect delay might have on a developer's due process rights was not discussed by the Court.  The Osborns may be able to show that Mann's actions in delaying approval of the Osborns' proposed subdivision plat were arbitrary and irrational.  Thus, they may be able to establish facts that would permit a judgment for them, which is sufficient to withstand Mann's Rule 12(b)(6) motion.  *Duda,* **133 F.3d at  1057**.

## IV.   Conclusion

For the above-stated reasons, Defendant's, Paul W. Mann's, Rule 12(b)(6) Motion to Dismiss (Doc. 4) and Defendant's City of Collinsville's Rule 12(b)(6) Motion to Dismiss (Doc. 12) are **DENIED**.

**IT IS SO ORDERED.**

**DATED this 5th day of February, 2007**

**Michael J. Reagan** ___
**MICHAEL J. REAGAN**
**United States District Judge**